# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# AT LONDON

CIVIL ACTION NO. 17-213-DLB

KIMBERLY ANN ROGERS              PLAINTIFF

vs.      **MEMORANDUM OPINION & ORDER**

NANCY A. BERRYHILL, Commissioner
of Social Security Administration            DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record and the parties' dispositive motions, and for the reasons set forth herein, will **affirm** the Commissioner's decision.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 17, 2014, Plaintiff Kimberly Ann Rogers applied for disability insurance benefits (DIB), alleging disability beginning June 3, 2014.[1] (Tr. 236). Plaintiff was forty-six years old at the time of filing, and she alleged that she was unable to work due to problems with her back, legs, arms, thyroid, and her high blood pressure and high cholesterol. (Tr. 362). Plaintiff's application was denied initially, and again on reconsideration. (Tr. 236; 337).

At Plaintiff's request, an administrative hearing was conducted on March 4, 2016 before Administrative Law Judge (ALJ) Scot Gulick. (Tr. 287). On May 4, 2016, ALJ

---

[1] Plaintiff also asserted a period of disability claim. *See* (Doc. # 1).

Gulick ruled that Plaintiff was not entitled to benefits. (Tr. 233). This decision became the final decision of the Commissioner on June 19, 2017, when the Appeals Council denied Plaintiff's request for review. (Tr. 1-6).

Plaintiff filed the instant action on July 28, 2017, alleging the ALJ's decision "was not supported by substantial evidence," was "contrary to law," and "applied incorrect standards." (Doc. # 1 at 2). The matter has culminated in cross-motions for summary judgment, which are now ripe for adjudication. (Docs. # 9 and 12).

## II. DISCUSSION

### A. Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Colvin v. Barnhart*, 475 F.3d 727, 729 (6th Cir. 2007). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *Id.* Rather, the Court must affirm the Commissioner's decision, as long as it is supported by substantial evidence, even if the Court might have decided the case differently. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). If supported by substantial evidence, the Commissioner's findings must be affirmed, even if there is evidence favoring Plaintiff's side. *Listenbee v. Sec'y of Health & Human Servs.*, 846 F.2d 345, 349 (6th Cir. 1988). Similarly, an administrative decision is not subject to

reversal merely because substantial evidence would have supported the opposite conclusion. *Smith v. Chater*, 99 F.3d 780, 781-82 (6th Cir. 1996).

To determine disability, the ALJ conducts a five-step analysis. Step One considers whether the claimant can still perform substantial gainful activity; Step Two, whether any of the claimant's impairments, alone or in combination, are "severe;" Step Three, whether the impairments meet or equal a listing in the Listing of Impairments; Step Four, whether the claimant can still perform her past relevant work; and Step Five, whether a significant number of other jobs exist in the national economy that the claimant can perform. The burden of proof rests with the Plaintiff on the first four steps. As to the last step, the burden of proof shifts to the Commissioner to identify "jobs in the economy that accommodate [Plaintiff's] residual functional capacity." *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003); *see also Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

### B. The ALJ's Determination

As an initial matter, the ALJ determined that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2018. (Tr. 238). The ALJ then proceeded to the five-step sequential evaluation process to determine whether Plaintiff is disabled. At Step One, the ALJ found that Plaintiff has not engaged in substantial gainful activity since June 3, 2014, the alleged onset date of disability. *Id.* At Step Two, the ALJ determined that Plaintiff has the following severe impairments: degenerative disc disease of the cervical spine with cervical radiculopathy, degenerative disc disease of the lumbar spine with mild central canal stenosis, and osteoarthritis of the right shoulder. *Id.* At Step Three, the ALJ concluded that Plaintiff does not have an

impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 239).

At Step Four, the ALJ found that Plaintiff possesses the residual functional capacity (RFC) to perform work at the light exertional level, as defined in 20 C.F.R. § 404.1529, with the following limitations:

> [T]he claimant can frequently reach in all directions and overhead and frequently climb ladders, ropes, scaffolds, stairs and ramps. The claimant can frequently stoop, kneel, crouch and crawl. The claimant can be exposed to occasional vibration.

(Tr. 239). Based upon this RFC and relying on the testimony of a vocational expert (VE), the ALJ concluded that Plaintiff was unable to perform her past relevant work as a nurses' aide and sewing-machine operator. (Tr. 241). Therefore, the ALJ proceeded to Step Five, where he determined that there were other jobs that exist in significant numbers in the national economy that the Plaintiff could perform. *Id.* Specifically, the ALJ determined that the Plaintiff could perform the following occupations: mail clerk, electric assembler, or price marker. (Tr. 242). Accordingly, the ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act. *Id.*

**C.     Analysis**

Plaintiff advances two arguments in her Motion for Summary Judgment. (Doc. # 9). First, Plaintiff appears to argue that the ALJ erred in assessing Plaintiff's credibility with respect to her subjective complaints of pain. *Id.* at 11. Second, Plaintiff advances a general argument that the ALJ's RFC determination is not supported by substantial evidence. (Doc. # 9-1 at 15). The Court will consider each argument in turn.

### *1.* *The ALJ did not err in assessing Plaintiff's credibility.*

Although relevant to the RFC assessment, a claimant's description of his or her symptoms is not enough, on its own, to establish the existence of physical or mental impairments or disability. 20 C.F.R. § 404.1529(a). When evaluating a claimant's symptoms, the ALJ must determine whether there is an underlying medically determinable impairment that could be reasonably expected to produce the alleged symptoms. *Id.* Once that is established, the ALJ must evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities. *Id.* § 404.1529(c).

When a claimant's complaints regarding the intensity and persistence of her symptoms are unsupported by objective medical evidence, the ALJ must make a credibility determination "based on a consideration of the entire case record," including lab findings, information from treating physicians, Plaintiff's complaints of symptoms, and other relevant evidence. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007) (quoting SSR 96-7p, 1996 WL 374186, at *4 (July 2, 1996)). After making a credibility determination, the ALJ must explain that decision with enough specificity "to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for the weight." 20 C.F.R. § 404.1529; SSR 96-7p, 1996 WL 374186, at *2. "Blanket assertions that the claimant is not believable will not pass muster, nor will explanation as to the credibility which are not consistent with the entire record and the weight of the relevant evidence." *Rogers*, 486 F.3d at 248. Once the ALJ has made the credibility determination, the reviewing court must give great weight and deference to that conclusion. *Id.*

When medical reports or laboratory findings demonstrate that the claimant has "medically determinable impairment(s) that could reasonably be expected to produce [his or her] symptoms, such as pain, [the ALJ] must then evaluate the intensity and persistence of [the claimant's] symptoms" in order to determine how these symptoms limit the claimant's capacity for work. 20 C.F.R. § 404.1529(c)(1). Before making this determination, the ALJ must consider all available evidence, including objective medical evidence, claimant's own statements about symptoms, opinions from treating and examining physicians, and any other relevant evidence in the case record. 20 C.F.R. § 404.1529(c)(1)-(3). Assessing the record as a whole "helps to ensure that the focus in evaluating an application does not unduly concentrate on one single aspect of the claimant's history, if that one aspect does not reasonably portray the reality of the claimant's circumstances." *Rogers*, 486 F.3d at 249. If the ALJ examined the record as a whole and the ALJ's decision is supported by substantial evidence, then this Court must affirm the ALJ's decision, even if the Court might have decided the case differently. *Listenbee*, 846 F.2d at 349.

Plaintiff argues that the ALJ's RFC determination did not accurately portray her physical and mental limitations, and that objective evidence supports her subjective complaints of pain. For instance, Plaintiff points to evidence in the record such as MRI results showing she has degenerative disc disease, as well as disc degeneration, bulging, and partial stenosis throughout her spine. (Doc. # 9-1 at 11-13). Plaintiff argues that this is objective medical evidence that shows she suffers from pain, radiculopathy, and degenerative disc disease. *See id.* Additionally, Plaintiff notes that her physical therapist performed a functional capacity examination on July 12, 2016, and found that Plaintiff

6

could only perform sedentary labor.[2]  *Id.* at 12-13.  An examination of the ALJ's decision and the relevant legal standards disproves Plaintiff's claim that she is entitled to relief on this basis.

The ALJ's analysis demonstrates that he did consider the medical evidence cited by Plaintiff, as well as Plaintiff's subjective complaints of pain.  (Tr. 238-240).  At Step Four, the ALJ found that the Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms[.]"  (Tr. 240).  However, the ALJ determined that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record."  *Id.*  In particular, the ALJ explained that Plaintiff's testimony regarding the severity of her limitations was inconsistent with her conservative approach to treatment, noting that Plaintiff "has declined surgery, suggesting that her pain is tolerable with conservative care."  (Tr. 240).  The ALJ further explained:

> I do not question the claimant's relative inactivity, but find[ ] that such an inactive lifestyle is not explained by any objective medical findings.  Not only do the treatment notes show few abnormalities upon repeated examinations, the claimant has not tried anything more than basic conservative care to help her condition.  She has not had surgery, and she did not follow through with physical therapy.  Trying only the very minimum in conservative therapies is not consistent with the allegations that she has symptoms so severe that she can barely function and cannot engage in any type of work activity.

*Id.*  In light of Plaintiff's conservative approach to treatment, in conjunction with the fact that the treatment records showed Plaintiff "has received some relief with epidural steroid

---

[2] The "treating physician rule" only applies to *medical* opinions.  While a medical expert may opine "on issues such as whether [claimant's] impairment(s) meets or equals the requirements of any impairment(s) in the Listing of Impairments," as well as claimant's RFC or the application of vocational factors, such opinions are not entitled to controlling weight.  *See* 20 C.F.R. § 404.1527(d)(2) (stating that "the final responsibility for deciding these issues is reserved to the Commissioner").

7

injections," the ALJ evaluated the intensity and persistence of Plaintiff's symptoms and concluded that Plaintiff's symptoms were "tolerable" such that they did not fully limit Plaintiff's capacity for work. (Tr. 240).

Plaintiff appears to dispute the weight the ALJ gave to her subjective reports of pain, arguing that her pain allegations "are well documented throughout the record and are clearly supported by the objective testing which has been performed by a number of doctors." (Doc. # 9-1 at 12). But, as the ALJ explained, Plaintiff's claim that her capacity for work is fully limited by pain is not consistent with the objective medical record, as discussed below. The Court's role is not to re-weigh the evidence. *See Smith*, 99 F.3d at 782 (explaining that even if the Court would have decided the matter differently than the ALJ, it must be affirmed if substantial evidence supports the ALJ's decision).

The ALJ's determination was expressly informed by objective medical evidence, and the ALJ considered the medical-source opinions offered by the state agency consultants, including H. Thompson Prout, Ph.D. and Alex Guerrero, MD, who noted there was no indication in the record of a medically determinable mental-health impairment. The ALJ further noted the opinion of state agency consultant Douglas Back, M.D., that Plaintiff can engage in light work activities. Further, the ALJ pointed to objective findings set forth in Plaintiff's medical records, noting that "[t]he claimant has abnormalities on imaging studies of the spine and shoulder and has some increased pain/tenderness with range of motion testing," but that "the physical examinations have otherwise been normal throughout the record." (Tr. 240). The ALJ explained that:

> The claimant does not have an abnormal gait. She has normal strength in all extremities. She has no atrophy, spasms, or edema. She has no significant neurological deficits other than some mild sensory loss along the C6 distribution. The claimant takes medication for pain. She testified at the

8

> hearing that she has side effects from these medications, including drowsiness and dizziness, but such significant side effects are not documented in the record. The medications were not changed due to complaints of significant side effects.

*Id.* As a result, the ALJ concluded that Plaintiff's statements regarding the intensity, persistence, and limiting effects of her symptoms were not entirely credible. Having reviewed the ALJ's credibility assessment, which carefully detailed the inconsistencies between Plaintiff's subjective complaints, her approach to treatment, and the objective medical evidence, the Court finds no error.

### 2. The ALJ's RFC findings are supported by substantial evidence.

The RFC determination is "an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities." SSR 96-8p, 1996 WL 374184, at *2 (July 2, 1996). At its core, the RFC is "what an individual can still do despite his or her limitations." *Id.* "In assessing the total limiting effects of [the claimant's] impairment(s) and any related symptoms, [the ALJ] will consider all of the medical and nonmedical evidence" in the record. 20 C.F.R. § 404.1545(e). The ALJ is required to incorporate only those limitations that he or she finds credible into the RFC assessment. *Irvin v. Social Sec. Admin.*, 573 F. App'x 498, 502 (6th Cir. 2014) (citing *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993)).

The Plaintiff generally complains that the ALJ's RFC determination is not supported by substantial evidence. *See* (Doc. # 9-1). In support of this vague complaint, the Plaintiff advances two arguments. Each argument will be addressed in turn. First, Plaintiff argues that the ALJ's "selective inclusion of only portions of the pertinent

9

evidence which cast the claimant in an unfavorable light was improper." *Id.* at 15. This argument amounts to an allegation that the ALJ cherry-picked evidence to support his RFC finding. Such an allegation "is seldom successful," however, "because crediting it would require a court to re-weigh record evidence." *DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 726 (6th Cir. 2014). That is not the role of this Court. "When deciding under 42 USC § 405(g) whether substantial evidence supports the ALJ's decision, [courts] do not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

Despite the "quite deferential" standard of review, the ALJ must still make all determinations "based upon the record in its entirety." *Rogers*, 486 F.3d at 249. When constructing a claimant's RFC, the ALJ must take into account all relevant medical and other evidence. 20 C.F.R. § 404.945(3). Assessing the record as a whole "helps to ensure that the focus in evaluating an application does not unduly concentrate on one single aspect of the claimant's history, if that one aspect does not reasonably portray the reality of the claimant's circumstances." *Rogers*, 486 F.3d at 249. If the ALJ examined the record as a whole and the ALJ's decision is supported by substantial evidence, then this Court must affirm the ALJ's decision, even if the Court might have decided the case differently. *Listenbee*, 846 F.2d at 349.

Here, the ALJ took all relevant medical evidence into account. The ALJ methodically examined the entirety of the record when assessing Plaintiff's RFC. The ALJ explained the guidelines for evaluating Plaintiff's symptoms and then detailed his reasoning for concluding that Plaintiff's subjective complaints were not entirely credible in light of her medical history. The ALJ also considered Plaintiff's reported activities of daily

living.  While the ALJ weighed the evidence contrary to how the Plaintiff preferred, the ALJ did not fail to analyze the evidence in the record.  *See Minor v. Comm'r of Soc. Sec.*, 513 F. App'x 417, 436 (6th Cir. 2013).  Thus, the ALJ did not engage in any type of improper cherry-picking.  Instead, he properly considered the record as a whole.  Accordingly, the Court finds no error in the scope of the ALJ's analysis.

Second, Plaintiff also asserts that there is not substantial evidence to support the ALJ's RFC determination, because "the combined effects of [Plaintiff's] physical and mental impairments[ ] reflect that she could not perform a wide range of even sedentary work on a regular and sustained basis." (Doc. # 9-1 at 14).  That argument, as merely a conclusory assertion of disability, fails.  Further, by merely pointing to medical evidence in the record, Plaintiff in essence is just requesting that the Court re-weigh the evidence.  This is improper.  It does not matter if substantial evidence does support Plaintiff's disability, so long as it also supports a finding of "not disabled." *Her*, 203 F.3d at 389-90 (holding that "[e]ven if the evidence could also support another conclusion, the decision of the Administrative Law Judge must stand if the evidence could reasonably support the decision reached") (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see also Listenbee*, 846 F.2d at 349.  As a result, it does not matter if Plaintiff, or even this Court, believes substantial evidence supports a different disability determination.  All that is required of the ALJ is that he render a decision that is supported by substantial evidence.  The ALJ has done so here.

At Step Four of the analysis, the ALJ carefully reviewed the entire record and found that Plaintiff was capable of doing light work with the additional limitations specified.  (Tr. 239-241).  The ALJ explained the guidelines for evaluating Plaintiff's symptoms,

incorporated supported physical limitations, detailed why other physical and mental limitations were not incorporated, considered the objective medical evidence, and properly discounted Plaintiff's subjective symptoms to the extent that they lacked credibility. (Tr. 42-47). The ALJ further detailed his reasoning for concluding that Plaintiff's subjective complaints were not entirely credible. Because the ALJ did so, there is no error. Therefore, substantial evidence supports the ALJ's determination that Plaintiff was not disabled.

## III. CONCLUSION

Accordingly, for the reasons stated herein, **IT IS ORDERED** as follows:

(1) The decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED**;

(2) Plaintiff's Motion for Summary Judgment (Doc. # 9) is hereby **DENIED**;

(3) Defendant's Motion for Summary Judgment (Doc. #12) is hereby **GRANTED**; and

(4) A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

This 11th day of August, 2018.



Signed By:
*David L. Bunning*
United States District Judge

L:\DATA\SocialSecurity\MOOs\London\17-213 Rogers MOO.docx